UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **GUILLERMO SUAREZ AVILA,** *Plaintiff* | § § § |
| v. | §   No. A-22-CV-00046-RP |
| **SHERIFF MARK REYNOLDS,** *Defendant* | § § § § |

### ORDER AND REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ROBERT PITMAN
      UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this report and recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Petitioner Guillermo Suarez Avila[1]'s Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, Dkt. 1, and Application to Proceed In Forma Pauperis. Dkt. 2. Because Avila is requesting permission to proceed in forma pauperis, the undersigned must review and make a recommendation on the merits of his petition pursuant to 28 U.S.C. § 1915(e).

---

[1] The undersigned notes that Petitioner's name appears hyphenated, as Guillero Suarez-Avila, in his state court proceedings. *See* Case Nos. CR-21-3830-C, 21-2635CR-2, PREFCR-21-3837-C, PREFCR-21-3836-C, and CR-20-3656-C, in the 274th District Court of Hays County, Texas.

## I. REQUEST TO PROCEED *IN FORMA PAUPERIS*

The Court has reviewed Avila's financial affidavit and determined he is indigent and should be granted leave to proceed *in forma pauperis*. Accordingly, the Court hereby GRANTS Avila's request for *in forma pauperis* status, Dkt. 2. The Clerk of the Court shall file the petition without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Avila is further advised that, although he has been granted leave to proceed *in forma pauperis*, a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, the undersigned has made a § 1915(e) review of the petition and is recommending Avila's claims be dismissed under 28 U.S.C. § 1915(e). Therefore, service upon Defendant should be withheld pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, then service should be issued at that time upon Defendant.

## II. REVIEW OF THE MERITS OF THE CLAIM

Because Avila has been granted leave to proceed *in forma pauperis*, the undersigned is required by statute to review the petition. Section 1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court determines that … the action or appeal (i) is frivolous or malicious; (ii) fails to state

a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327.

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 20-21 (1972). However, pro se status does not offer a plaintiff an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

As an initial matter, the undersigned takes judicial notice of public records relating to Avila's criminal charges in Hays County. *See* Dkt. 1 at 2; Fed. R. Evid. 201(b); *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (approving judicial notice of public records by district court reviewing motion to dismiss). Avila is a pretrial detainee at the Comal County Jail, and as relevant to his Petition for Writ of Habeas Corpus, has been charged in Hays County with six counts of aggravated assault with a deadly weapon in Case No. CR-21-3830-C, unlawful carrying a weapon in Case No. 21-2635CR-2, possession of a controlled substance in Case No. PREFCR-21-3837-C, tampering with physical evidence with intent to impair in Case No. PREFCR-21-3836-C, and possession of a controlled substance in Case No. CR-20-3656-C. *See* Dkt 1. He alleges that he has been unlawfully imprisoned and his

3

character defamed; he seeks to clear his name, have his state charges dropped, and to be compensated for lost wages, and the pain and suffering he has experienced as a result of being "locked up for no reason." *See* Dkt. 1, at 6-7.

Avila challenges his pretrial detainment in state custody. *See id*. A pretrial petition challenging ongoing state criminal proceedings is properly brought under 28 U.S.C. § 2241. *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) (construing petition filed to seek release from pending state criminal proceedings as brought under Section 2241); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). Section 2241 gives the district court authority to grant a writ of habeas corpus where a state prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

A state pretrial detainee must satisfy two requirements entitled to raise constitutional claims in a federal habeas proceeding under 28 U.S.C. § 2241. First, the petitioner must be in custody. 28 U.S.C. § 2241(c); *Dickerson*, 816 F.2d at 224. Second, the petitioner must have exhausted his available state remedies. *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489 (1973); *Saucier v. Warden*, 47 F.3d 426, 1995 WL 71331, at *1 (5th Cir. 1995) (unpublished) (court cannot reach merits of petition seeking pretrial federal habeas unless state habeas remedies have been exhausted).

A fundamental prerequisite to federal habeas corpus relief is the exhaustion of all claims in state court prior to requesting federal collateral relief. *Picard v. Conner*, 404 U.S. 270, 275 (1971). The exhaustion requirement reflects federal-state comity

concerns. *Id*. The district court may raise the exhaustion requirement *sua sponte*. *McGee v. Estelle*, 722 F.2d 1206, 1208 (5th Cir. 1984) (*en banc*). The exhaustion requirement demands that an applicant "fairly apprise the highest court of his state of the federal rights which were allegedly violated" and to do so "in a procedurally correct manner." *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993).

"It is well settled that a habeas petition must be dismissed if any issue has not been exhausted in the state courts." *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990). "If the petitioner did not fairly present the substance of his claims to the state courts ... the petition must be dismissed ... so that the state courts may have a fair opportunity to determine" the claims. *Dispensa v. Lynaugh*, 847 F.2d 211, 217-18 (5th Cir. 1988). "This exhaustion rule requires the dismissal of any habeas petition that contains claims not yet raised in available state court proceedings, even if such claims are mixed with exhausted ones." *Sones v. Hargett*, 61 F.3d 410, 415 (5th Cir. 1995).

Avila admits he has not exhausted his state court remedies with regard to the issues raised in his petition. *See* Dkt. 1, at 8. State court records confirm that Avila has not filed a state application for habeas corpus relief challenging his detention. *See* Case Nos. CR-21-3830-C, 21-2635CR-2, PREFCR-21-3837-C, PREFCR-21-3836-C, and CR-20-3656-C, in the 274th District Court of Hays County, Texas. Accordingly, Avila has not yet exhausted his available state remedies, and is thus ineligible for habeas corpus relief at this time. The undersigned will recommend his petition be dismissed without prejudice to refiling should he exhaust his available state court remedies.

## III.  ORDER AND RECOMMENDATION

The Magistrate Court hereby **GRANTS** Avila's Application to Proceed *In Forma Pauperis*. Dkt. 2. The Magistrate Court **RECOMMENDS** the District Court **DISMISS** Avila's Petition for Writ of Habeas Corpus without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

The referral of this case to the Magistrate Court should now be canceled.

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED February 1, 2022.

                                      DUSTIN M. HOWELL
                                      UNITED STATES MAGISTRATGE JUDGE